Edward LEESON, Mildred K. Leeson, Best Buys, Inc., a Tennessee Corporation, Lee-Kel, Inc., a Tennessee Corporation, Clyde J. Leeson, and Haywood, Inc., a North Carolina Corporation, Plaintiffs-Appellants,

v.

Stanley M. CHERNAU, James N. Chernau, and Drena Pride, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 8, 1987.

Certiorari Denied by Supreme Court July 27, 1987.

Kenneth T. Davies, Charlotte, N.C., Ann Widseth, Seymour, for plaintiffs-appellants.

Harlan Dodson, III & Geraldine S. Skupien, Dodson & Associates, Nashville, for defendants-appellees.

## OPINION

TODD, Presiding Judge, Middle Section.

The Trial Court dismissed the suit of the captioned plaintiffs to vacate and cancel a judgment. The Notice of Appeal reads as follows:

## NOTICE OF APPEAL

Plaintiffs in the above-captioned proceeding give Notice of Appeal to the Tennessee Court of Appeals, Middle Division, from the entry of the Order dismissing the Plaintiffs' Complaint, entered July 31, 1986.

Respectfully submitted this the 31 day of July, 1986.

 (s) Edward Leeson
  Edward Leeson, Plaintiff
  BEST BUYS, INC.
  BY: (s) Edward Leeson
   Edward Leeson, President
ATTEST:
(s) Mildred K. Leeson
Mildred K. Leeson, Secretary

It is seen that Best Buys, Inc., and Edward Leeson have filed notice of appeal; but the other captioned plaintiffs are not before this Court on appeal.

The bond for appellate costs is signed:
Best Buys, Inc.
Edward Leeson, Pres.
as principal, and the signature of the surety on said bond is:
Mildred K. Leeson

It appears that Edward Leeson, who gave notice of appeal has filed no bond for costs on appeal, and only Best Buys, Inc., has filed an appeal bond.

The complaint, filed on December 2, 1983, is a bewildering conglomeration of 55 charges on the basis of which plaintiffs seek the invalidation of an assignment, the invalidation of a judgment entered on October 30, 1978, and for various damages, compensatory and punitive.

The judgment recites that a motion to dismiss was sustained pursuant to Rule 12, T.R.C.P.; however, certain evidentiary material is included in the record. Nevertheless, it appears from the memorandum of the Trial Judge that his decision was based solely upon the inadequacies of the complaint.

The background and nature of the controversy is well stated by the Chancellor in his memorandum as follows:

This is a suit by the plaintiffs against the defendants for fraud and forgery as to a lease assignment made to Best Buys, Incorporated (Best Buys) on September 20, 1977. This action is presently before the Court on the defendants' motion to dismiss pursuant to Rule 12.02(2) and 12.02(6) of the Tennessee Rules of Civil Procedure. The Court concludes that the defendants' motion should be granted.

On March 10, 1972, Best Buys obtained an oil and gas lease assignment in real property located in Christian County, Kentucky. Thereafter, Best Buys assigned an undivided one-eighth working interest in the lease to Stanley Chernau on May 9, 1972, and on June 5, 1972 assigned another individual one-eighth interest to James Chernau.

On September 20, 1977, Stanley Chernau assigned his leasehold interest in the same land back to Best Buys for $5,000 consideration. Likewise, on that same date, a document with the purported signature of James Chernau transferred James Chernau's interest in the lease to Best Buys for $5,000. This document was notarized by Drena Pride who was Stanley Chernau's legal secretary at the time of the assignment.

After obtaining the lease assignments from the Chernaus, Best Buys sold the lease interests to a group of investors in South Carolina. Thereafter, Stanley and James Chernau brought a lawsuit in Davidson Chancery Court, Part II against Best Buys and Edward Leeson as President of Best Buys, alleging fraud in Best Buys obtaining the lease assignments from the Chernaus. On November 6, 1978, a judgment was entered in

favor of the Chernaus in *Chernau v. Leeson*, No. 78–183–II, awarding $50,000 to each plaintiff.

The Chernaus then brought suit in North Carolina seeking to enforce the Tennessee judgment and to have the judgment afforded full faith and credit in North Carolina, which was allowed on February 16, 1981. Thereafter, the Chernaus brought another lawsuit in North Carolina against Best Buys and Haywood, Incorporated, seeking to have a release between the two corporations set aside in order to execute upon the released asset to satisfy the Tennessee judgment.

On April 13, 1981, Stanley and James Chernau also filed a complaint in Davidson County Chancery Court, Part II alleging a conspiracy by the named defendants to hinder the Chernaus' efforts to collect their judgment. In that complaint, the Chernaus caused a notice of lis pendens to be filed against property held by Mildred K. Leeson and attached stock in Lee-Kel, Incorporated held by Edward Leeson and bank accounts belonging to Lee-Kel.

In September, 1982, the plaintiffs in the present lawsuit before the Court allege they discovered for the first time that the signature on the lease assignment that was supposedly made by James Chernau on September 20, 1977, is not that of James Chernau but is the signature of his brother, Stanley Chernau. In this action which was filed in December, 1983, the plaintiffs contend that the lease assignment was a forgery which defrauded Best Buys, Edward Leeson and all persons having future dealings with the leasehold interest. They also assert that Stanley Chernau committed perjury as an attorney and officer of the Court on October 30, 1978 when he testified in Davidson County Chancery Court, Part II that his brother executed the assignment to Best Buys, which constituted a fraud upon the Court. The plaintiffs have also brought suit against Drena Pride for having notarized the lease assignment purportedly made by James Chernau at the direction of her employer, Stanley Chernau.

The plaintiffs contend that they have been damaged in subsequent dealings with the forged lease assignment and in defending lawsuits for the collection of the judgment obtained by the Chernaus on November 6, 1978. The plaintiffs have asked the Court to declare the lease assignment void, to vacate and set aside the November 6, 1978 judgment, and to award them compensatory and punitive damages.

In the defendants' motion to dismiss, the defendants allege that this Court does not have personal jurisdiction over James Chernau, as he is an Alabama resident and that the only possible complainants in this case are Best Buys and its President, Edward Leeson, who resold the assigned lease interest to their successors in interest. According to the defendants, all other plaintiffs must be dismissed. Also, the defendants assert that there is no allegation that anyone has challenged a successor's title to the lease interest because the signature on the assignment is not that of James Chernau. Finally, the defendants claim that the plaintiffs have failed to allege that the Chancellor in Davidson County Chancery Court, Part II, would have ruled any differently in his 1978 judgment if he had known that the signature on the assignment was not that of James Chernau.

The present lawsuit is brought as an independent action to impeach or set aside a judgment for fraud, which is still preserved as follows pursuant to Rule 60.02, Tennessee Rules of Civil Procedure: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court." The Tennessee Supreme Court in *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976) notes that use of such an independent action may be had but only rarely and then only under unusual and exceptional circumstances. In *Jerkins*, the Court cites to *Gibson's Suits in Chancery* §§ 981 and 1272 (5th ed.) as to the

use of this action. Section 981 of *Gibson's* states the following:

> To entitle a party to this relief, it must be made evident that, if a defendant, he had a defense on the merits and, if a complainant, he had a right to the relief sought, and this loss of a defense or failure to obtain relief, must in all cases be occasioned by the fraud or act of the prevailing party....

While Stanley Chernau did testify in Court on October 30, 1978 that James Chernau executed the lease assignment and admitted later in his deposition taken on April 16, 1984 that he executed the assignment himself, the Court concludes that the plaintiffs have failed to allege that the Chancellor would have ruled any differently in finding them guilty of fraud in the November 6, 1978, judgment had he known that Stanley Chernau had executed the assignment instead of James Chernau. Moreover, the plaintiffs admitted to the Court during the hearing on the present motion to dismiss that any subsequent lawsuits concerning the assignment property interest was unrelated to any challenge concerning title to the lease interest.

The plaintiffs contend that the November 6, 1978 judgment should be set aside because Stanley Chernau as an attorney and officer of the Court committed perjury during the trial proceedings held on October 30, 1978 by concealing that he had executed the lease assignment instead of his brother. They cite *Sutler [Sutter] v. Easterly*, [354 Mo. 282] 189 S.W.2d 284 (1945) and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 283 [238], [64 S.Ct. 997] 88 L.Ed. 1250 (1944) as support for this proposition. While the Court does not condone the false testimony given by Stanley Chernau at the October 30, 1978, hearing, any false testimony given by him in that case as to who executed the lease assignment assigning James Chernau's interest in the property was given as a party and witness in the case and was not testimony given in his capacity as an attorney or officer of the court.

Therefore, the defendants' motion to dismiss is granted. In reaching this decision, the Court does not need to address the issues of whether it has personal jurisdiction over James Chernau or whether certain plaintiffs should be dismissed.

Counsel for the defendants should submit an order consistent with this Memorandum, taxing costs to the plaintiffs.

Appellants present a single issue on appeal as follows:

1. Did the Trial Court err in dismissing the plaintiffs' action prior to trial?

■ The argument of appellants alleges several errors on the part of the Trial Court which are not specified as issues for review. T.R.A.P. does not contemplate that an appellant may submit one blanket issue as to the correctness of the judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment.

In pertinent summary, the complaint alleges that Best Buys, Inc., purchased a one-eighth share of an oil lease from Dr. James Chernau for which Best Buys paid and Dr. Chernau received $5,000; that Dr. Chernau later sued plaintiffs and obtained judgment against them for fraud in procuring the sale from Dr. Chernau to Best Buys, Inc.; that, after said judgment became final and after plaintiffs had defended several supplemental suits seeking enforcement of said judgment, plaintiffs discovered that the instrument which transferred the ⅛ interest from Dr. Chernau was not signed by him but by his brother, Stanley Chernau, who caused his Notary Public to authenticate the signature on said instrument and falsely testified in court that Dr. Chernau signed it.

■ It is obvious from the allegations of the complaint that, despite any irregularities in the execution of the instrument, the transfer from Dr. Chernau to Best Buys, Inc. became effective by ratification, acquiescence or other means. There is no assertion in the complaint that Dr. Chernau has disaffirmed, or threatened to disaffirm the transfer; indeed, he is alleged to have specifically affirmed it by suing for damages

for fraud in its procurement. Such a suit, especially one which culminates in judgment favorable to the conveyor (Dr. Chernau), effectively estops him from denying the execution of the transfer by him or his authorized agent. *Johnston v. Cincinnati N.O. & T. & P.R. Co.*, 146 Tenn. 135, 240 S.W. 429 (1922); *Hamilton National Bank v. Woods*, 34 Tenn. App. 360, 238 S.W.2d 109 (1948).

So long as the instrument effectively transferred the subject matter, any irregularity in the execution of the instrument would not affect the right of the conveyor to damages for fraud in procurement. Therefore, the alleged forgery and/or perjury alleged in the complaint were, under the allegations of the complaint, immaterial to the issue before the court; and, if the true facts had been presented, the result would not have been changed.

■ The only damages alleged in the complaint consist of expenses of resisting the efforts of the Chernaus to enforce their judgment. Such expenses are not attributable to a forgery or perjury which did not produce the judgment. There is no allegation that title to the ⅛ interest has been challenged or has failed because of the misconduct alleged in the complaint, nor any allegation of any damages attributable to the alleged forgery and/or perjury.

This Court agrees with the Trial Court that the complaint fails to state a claim for which relief can be granted.

■ Appellants argue that the alleged forgery and/or fraud were material to the credibility of Stanley Chernau who testified to material facts in the former suit. Appellants do not point out in their complaint or in their brief what material and controverted facts were included in the testimony of Stanley Chernau.

Discovery of evidence to impeach a witness is not a ground for new trial. *McAlister's Lessee v. Williams*, 1 Tenn. (1 Overt.) 119 (1805).

It is within the sound discretion of the Trial Court to grant or refuse a new trial for newly discovered evidence which is merely cumulative and offered for discrediting the testimony of a witness. *Leeper v.*

*Cook*, Tenn.App. 1985, 688 S.W.2d 94; *Smith v. Steel*, 44 Tenn.App. 238, 313 S.W.2d 495 (1956).

Generally, a new trial will not be granted for letting in newly discovered evidence for contradictory or impeaching purposes alone. *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 (1953).

Appellants attempt to argue that the evidence presented in the former case did not warrant a judgment. A judgment that has become final in the full sense of res judicata cannot be set aside on allegation and proof of the falsity of internal evidence on which it was procured. *Thomas v. Dockery*, 33 Tenn.App. 695, 232 S.W.2d 594 (1950).

Where a decree or judgment of a court of record is sought to be set aside because procured by fraud, complainant must aver facts showing an intentional contrivance by a party to keep complainant and the Court in ignorance of the real facts touching the matter in litigation, whereby a wrong conclusion was reached, and positive injury done to complainant's rights. *Smith v. Miller*, Tenn.Ch.App.1897, 42 S.W. 182.

It appears from the complaint that the grounds of the former suit were fraud of complainants in inducing Dr. Chernau to transfer his ⅛ interest for $5,000. The pertinent issues were, therefore: (1) Did Dr. Chernau (either personally or by authorized agent or by waiver and estoppel) transfer the interest, and (2) Was Dr. Chernau (or his authorized agent) induced to make the transfer by fraud. Appellants' complaint merely avers in general language that, if Stanley Chernau had not forged James Chernau's name on the transfer or lied about it to the court, plaintiffs might have avoided liability for fraud by asserting that Dr. Chernau never parted with title to the interest. As previously pointed out, the complaint clearly establishes that the title to the interest passed from Dr. Chernau to Best Buys, Inc., and thence to the conveyee of Best Buys, Inc. Therefore the defense of non-transfer by James Chernau simply was not available to appellants, and no act of either of the Chernaus deprived appellants of the opportunity to pursue a legitimate defense.

■ Appellants next seek to penalize Stanley Chernau *and* his brother because Stanley Chernau testified falsely to the court in the former case. It has heretofore pointed out that falsity of the testimony of an ordinary witness is not grounds for setting aside a final judgment. Nevertheless, appellants insist that lawyers are subject to special standards and penalties, citing *Wright v. Roberts*, Tenn.1978, 573 S.W.2d 468. This was not a suit to set aside a judgment, but a disciplinary proceeding against a lawyer for misconduct. The present case is not of such a character.

Moreover, it appears that Stanley Chernau did not act as counsel in the former case, but merely testified as a witness. It would stretch reason and justice a bit far to penalize a lawyer and his brother separately for false testimony of the lawyer who was not acting as a lawyer in the case.

If lawyers are to be penalized for their misconduct (and they should be) the penalty imposed should not be a windfall to another wrongdoer seeking to avoid paying damages adjudged for his fraud. Nor should the brother of the lawyer be forced to pay part of the penalty for the lawyer's misconduct.

■ Finally, appellants assert that their suit against the notary public should not be dismissed. Notaries public are liable to an action for damage sustained because of their misfeasance. *State ex. rel. Marquis v. U.S. Fidelity and Guaranty Co.*, 57 Tenn.App. 662, 424 S.W.2d 199 (1966).

However, such a suit must allege how the plaintiff was injured by the misconduct of the notary public. For example, in the present case, it would be necessary to show that the irregular acknowledgement had been challenged, resulting in a defect in title which required plaintiffs to defend the title, and or pay damages for the defect. The complaint in the present case does not allege such, hence it is fatally defective.

This Court concludes, as did the Chancellor, that the complaint does not state a claim for which relief can be granted.

Although not necessary for the disposition of the appeal, the deposition of Dr. James Chernau, taken and filed by plaintiffs and included in this record, has been examined. It contains unequivocal statements of Dr. Chernau that his brother, Stanley, had power of attorney and unlimited authority to do whatever he saw fit in respect to investments of Dr. Chernau, that Dr. Chernau acknowledged the effectiveness of the assignment of his ⅛ interest by whomsoever made, and that Dr. Chernau considered his ⅛ interest to have been transferred to Best Buys, Inc. as stated in the assignment. It is impossible to conceive how plaintiffs could hope to succeed in any action based upon forgery of the assignment or the materiality of any false evidence as to who signed the assignment.

Forgery is the fraudulent making or alteration of any writing *to the prejudice of another.* T.C.A. § 39–3–802.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

LEWIS, J., and LLOYD TATUM, Special Judge., concur.