IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2000 Session

## STATE OF TENNESSEE v. RANDAL L. CHEEK

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-399-70     Timothy L. Easter, Judge**

---

**No. M2000-00203-CCA-R3-CD - Filed December 14, 2000**

---

This appeal presents review of a certified question of law following the Appellant's guilty pleas to possession of marijuana with intent to sell and possession of drug paraphernalia. Pursuant to his negotiated plea agreement, the court imposed an effective sentence of one and one-half years, suspended after five days confinement followed by two years probation. Also, as part of the plea agreement, the Appellant explicitly reserved, with the consent of the trial court and the State, a certified question of law challenging the court's denial of the Appellant's motion to suppress. On appeal, the State contends that (1) the certified question of law is not contained in the final judgments nor is it incorporated by reference and (2) the question is not clearly stated so as to identify the scope and limits of the legal issue. After review, we find that the question of law presented fails to identify with sufficient clarity the scope and boundaries of the issue reserved. Accordingly, the appeal is hereby dismissed and this case is remanded to the trial court.

**Tenn. R. App. P. 3; Appeal Dismissed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Brent Owen Horst, Nashville, Tennessee, for the Appellant, Randal L. Cheek.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, David H. Findley, Assistant Attorney General, Ronald L. Davis, District Attorney General, and Jeff Burkes, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Appellant, Randal L. Cheek, appeals from judgments of conviction entered by the Williamson County Circuit Court. The appellant pled guilty to one count of possession of marijuana with intent to sell, a class E felony, and one count of misdemeanor possession of drug paraphernalia.

Pursuant to the negotiated plea agreement, the Appellant received an effective sentence of one and one-half years, suspended after five days service in the county workhouse and followed by two years probation. As a condition of the plea agreement, the Appellant reserved the right to appeal, as a certified question of law, the trial court's denial of his motion to suppress. See Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b). Specifically, the certified question, reserved in the "Addendum to the Judgment," is "whether there was a lawful or unlawful search of his residence by police officers."

After review of the record, we find the question not properly certified because it fails to clearly identify the scope and the limits of the legal issue reserved. Accordingly, the appeal is dismissed, the guilty pleas are vacated, and the case remanded to the trial court for further proceedings.

**Background**

On October 29, 1998, Franklin Police Officers Wright and Treanor were advised by radio dispatch that illegal drug activity was observed at 725 Cooks Court in Williamson County. The information was received from a Domino's Pizza delivery person who had just delivered a pizza to the Cooks Court residence and had detected the odor of marijuana. Armed solely with this information, the officers arrived at the apartment and knocked at the door. One of the occupants, Charles Peer, opened the door for the officers. The officers, standing in the doorway, immediately noticed a strong odor of marijuana in the apartment, which was consistent with the report received from the pizza delivery person. The officers advised Peer to step back and they entered the residence. In plain view on the coffee table, the officers observed a green leafy substance, a set of electronic scales, cans of alcohol, and drug paraphernalia, which included rolling papers and a homemade bong. Besides Peer, three other individuals, two of them juveniles, were present in the residence. The female juvenile advised the officers that the Appellant, who was at work, was the lessee of the apartment. Officer Wright directed this juvenile to telephone the Appellant at his place of employment and have him return to his residence.

Upon the Appellant's arrival, Officer Wright asked for the Appellant's permission to search the rest of the apartment. The Appellant consented. In the closet of one of the bedrooms, the officers discovered a small safe with plastic baggies on top. Upon closer inspection of the safe, the officers could detect a strong odor of marijuana emanating from the small safe.[1] When questioned by the officers as to the safe, the Appellant immediately denied ownership and explained that the safe belonged to an ex-roommate who had since moved. The Appellant likewise denied any knowledge of the contents of the safe. Officer Wright then seized the safe, the drug paraphernalia, and the green leafy material.

Although the Appellant was not placed under arrest at this time, he was asked to accompany the officers to the Franklin Police Department. He rode, unrestrained, in Officer Wright's patrol car.

---

[1] Had the case proceeded to trial, the State would have presented testimony revealing that the safe contained 21.65 grams of marijuana.

Upon his arrival at the police department, the Appellant was advised of his Fifth Amendment rights. Officer Don Zelaya, a member of the Drug Unit, arrived to question the Appellant regarding reported drug activity at the Cooks Court address. During this questioning, the Appellant made reference to legal representation. Officer Zelaya ceased questioning, informed the Appellant that his rights were "intact," and that the Appellant could knock on the glass window if he wished to continue the interview. Officer Zelaya then left the room. Within fifteen minutes, the Appellant knocked on the window and Officer Zelaya reentered the room to continue the interview.

Before resuming questioning, Officer Zelaya presented the Appellant with an advice of rights form and an attached waiver form. Both forms were discussed with the Appellant. The Appellant initialed the various components of each form, signed the forms, and stated that he understood the forms completely. The Appellant subsequently admitted to Officer Zelaya that the safe was his and he supplied Officer Zelaya with the combination to the safe. The Appellant later recanted this admission and stated that the safe belonged to another person whom he refused to identify.

Prior to trial, the Appellant filed a motion to suppress both the physical evidence obtained pursuant to the search of his apartment and his statements made to Officer Zelaya. In his motion, the Appellant specifically asserted "his house was searched without a warrant, probable cause, or consent. . . . It was during this unlawful entry and search that police officers claim to have found marijuana and drug paraphernalia." Additionally, he alleged that:

> any statements, admissions or confessions purportedly made by the Defendant were made as a result of promises or other inducements that raised a hope of leniency and reward and should be declared void. . . . [A]ny statements or admissions he made were the result of trickery and deception practiced upon him by the officers, and therefore, any statement or admission made by him is inadmissible as a matter of law. . . . [T]he statements were made at a time when he had not been advised of the charges against him or advised of his Miranda rights as required by law.

The trial court subsequently denied the motion.[2]

---

[2]The following findings were entered by the trial court:

1. That the warrantless entry into the Defendant's apartment was justified by Officers Wright and Treanor, as there was probable cause to believe illegal drug use/activity was taking place in the apartment and exigent circumstances (i.e., destruction of evidence) existed.

2. That the consent to search the Defendant's apartment was not invalid. A threat to obtain a search warrant can invalidate a subsequent consent if there were not then grounds upon which a warrant could issue. [Citation omitted]. Based upon the smell of Marihuana and the illegal contraband already spotted in the Defendant's apartment by Officer Treanor and Officer Wright, there were sufficient grounds for a search warrant to be issued.

3. That the Defendant was advised of his Miranda rights and the consequence of waiver of such rights by at least two Franklin police officers. This waiver was valid in that it was made voluntarily, knowingly, and intelligently. The conduct of the law enforcement officers was not such as would

(continued...)

## Analysis

The Appellant, in this appeal, seeks review of the trial court's denial of his motion to suppress under the provisions of Tenn. R. Crim. P. 37(b)(2)(i). The State asserts that this appeal should be dismissed because (1) the certified question of law is not contained in the final judgments nor is it incorporated by reference and (2) the question is not presented with sufficient clarity to identify the scope and the limits of the legal issued reserved.

Under Rule 37(b)(2)(i), an appeal lies from a guilty plea if the final order of judgment contains a statement of the dispositive certified question of law reserved by the defendant, wherein the question is so clearly stated as to identify the scope and the limits of the legal issues reserved. See State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988); see also State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). No issue beyond the scope of the certified question will be considered. State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998)(citing Preston, 759 S.W.2d at 650; see also Pendergrass, 937 S.W.2d at 834). Before a court may accept an appeal pursuant to Tenn. R. Crim. P. 37(b)(2)(i), the following prerequisites must be satisfied:

> 1. The final order or judgment must contain a statement of the dispositive question of law reserved by defendant for appellate review.
>
> 2. The order must state that the certified question was expressly reserved as part of a plea agreement.
>
> 3. The order must state that both the State and the trial judge have consented to the reservation and are of the opinion that the question is dispositive of the case. [3]
>
> 4. The question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

---

[2](...continued)
"undermine the Defendant's free will and critically impair his capacity for self-determination so as to bring about an involuntary confession." [Citation omitted]. The promise made by a police officer at the Defendant's apartment that he would not be charged if the safe and its contents were not his is unrefuted. Therefore, any promise made by the police officers was conditioned upon ownership of the safe being in someone other than the Defendant.

4. That the proof introduced . . . does not support a conclusion that the Defendant's placement in a room at the Franklin Police Department for ten to fifteen minutes was so frightening or intimidating as to "undermine his free will and critically impair his capacity for self-determination." [Citation omitted].

[3]An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. State v. Wilkes, 684 S.W.2d 663 (Tenn. Crim. App. 1984). That is to say that, if we should find the Appellant's position correct, there would be no case to prosecute as there would be no proof to convict.

Preston, 759 S.W.2d at 650.  The burden is on the defendant to see that the prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. Id.

We first address the State's argument that the legal question was not contained in the final judgment nor was it sufficiently incorporated by reference to satisfy the Preston requirements.  The record in the present case reflects that the Appellant's motion to suppress was heard on July 12, 1999.  The court denied the motion on August 16, 1999.  At the subsequent guilty plea hearing on December 14, 1999, the parties and the court discussed and consented to the negotiated plea agreement and to the reservation of a certified question of law regarding the court's denial of the motion to suppress.  Defense counsel offered to prepare an addendum to the judgments reserving the certified question.  The trial court assented, stating that this practice has been approved by the appellate courts.  The "Addendum to Judgment," signed by the trial judge, was filed on January 4, 2000.  The final judgments were filed January 18, 2000.  The judgment forms do not contain a statement of the dispositive certified question of law reserved by the Appellant for appellate review nor do the judgments refer to the previously filed addendum.  The State now contends that the certified question of law is not contained in the final judgments nor is it incorporated by reference and therefore, the appeal must be dismissed.  Based upon previous decisions of this court, we disagree with the State's position.

It is sufficient for the judgment order to refer to or incorporate another independent document to satisfy the requirement that the judgment contain a statement of the dispositive certified question of law. See  Irving, 962 S.W.2d at 479; see generally  State v. Robert Bassett Brown, No. M1999-00867-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 28. 2000);  State v. Hasson Waller, No. 03C01-9710-CR-00438 (Tenn. Crim. App. at Knoxville, Oct. 6, 1998); Kenneth J. Hall v. State, No. 03C01-9609-CR-00342 (Tenn. Crim. App. at Knoxville, Apr. 15, 1998).  In State v. Hasson Waller, a case similar to that presently before us, a panel of this court held that a judgment order contains a proper statement of the certified question where an "addendum to the judgment" is filed before the judgment becomes final. State v. Hasson Waller, No. 03C01-9609-CR-00342. Cf.  Kenneth J. Hall v. State, No. 03C01-9609-CR-00342 (question not properly certified where addendum filed after judgment became final).  Accordingly, we conclude that the judgments in the present case properly contain a statement of the certified question.

Notwithstanding, we conclude that the certified question is not so clearly stated as to identify the scope and the limits of the legal issues reserved.   Again, a defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

> [W]here questions of law involve the validity of searches and the admissibility of
> statements and confessions, etc., *the reasons relied upon by defendant in the trial*
> *court at the suppression hearing must be identified in the statement of the certified*

*question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question*, absent a constitutional statement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.

Preston, 759 S.W.2d at 650. (emphasis added). In the present case, the issue reserved is "whether there was a lawful or unlawful search of his residence by police officers." This overly broad question violates the mandates announced in Preston. The question is not only patently non-specific but also does not clearly identify the scope and limits of the legal issue raised and does not identify the reasons relied upon by the Appellant at the suppression hearing. Compare Leeson v. Chernou, 734 S.W.2d 634, 637 (Tenn. App. 1987) (Tenn. R. App. P. 27 does not contemplate that an appellant may submit one blanket issue as to the correctness of a judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment). The evidence developed at the suppression hearing raises numerous issues involving both Fourth and Fifth Amendment concerns which may or may not be dispositive. These areas include, but are not limited to, the reliability of a citizen informant, exigent circumstances exception to warrant requirement, plain view, consensual searches, seizure of evidence, advice of rights, invocation of right to counsel, voluntariness of waiver of rights and confessions, and fruit of the poisonous tree. It is not the duty of this court to predict, speculate, or otherwise outline those issues on which the Appellant seeks our review. Additionally, review of the question as presently framed would require a complete dissertation of the law of search and seizure of which this court is not willing to engage absent specific boundaries circumscribed by the Appellant. The holding in Preston created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)(i) appeal from which this court will not depart.[4] See generally Preston, 759 S.W.2d at 650. But see State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (White, J.) (issue need not be framed in standard "law school" format; statement satisfies Preston if appellate court can ascertain from the record the scope of the issue presented).[5] Because of the Appellant's failure to properly frame his certified question of law, this court is unable to reach the merits of the Appellant's claim as this court has no jurisdiction to entertain this appeal. See Tenn. R. Crim. P. 37(b)(2).

Accordingly, the appeal is dismissed. Because the Appellant's guilty pleas were conditioned upon his right to seek appeal of a certified question of law, which we are without jurisdiction to review, the guilty pleas and the plea agreement are vacated and this case is remanded to the trial court for trial or other appropriate proceedings.

---

[4] We acknowledge that the one circumstance in which some variance in the Preston requirements is allowed is when the final order incorporates by reference some other document or documents which contain the elements required by Preston. See Pendergrass, 937 S.W.2d at 837.

[5] The author of this opinion respectfully dissented from this court's opinion in State v. Harris, finding the certified question too broad to comport with the requirements of Preston. See Harris, 919 S.W.2d at 625 (Hayes, J., dissenting).

_____
DAVID G. HAYES, JUDGE