IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2001

## QUENTIN LEWIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P 21869     Chris Craft, Judge**

---

**No. W2000-01773-CCA-R3-PC  - Filed August 21, 2001**

---

The Appellant, Quentin Lewis, appeals from the dismissal of his petition for post-conviction relief following an evidentiary hearing in the Shelby County Criminal Court.  In his petition, Lewis collaterally attacks his conviction for aggravated robbery upon grounds that his trial counsel was ineffective.  After review of this issue on appeal, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Gerald Stanley Green, Memphis, Tennessee, for the Appellant, Quentin Lewis.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scott Gordon, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 26, 1998, the Appellant, after a trial by jury, was found guilty of Aggravated Robbery, a class B felony and was sentenced as a Career Offender to 30 years in the Department of Correction.  The facts at trial established:

On October 28, 1995, Jacqueline Green was working as the manager of Payless Shoe Store in Memphis.  She was standing at the cash register when she noticed a man enter the store.  The man was identified at trial as the defendant.  Defendant looked around the store for approximately 20 minutes and approached the register area

carrying some hiking boots. He then walked to the side of the counter, displayed a "hook-billed knife" and demanded that Green empty the contents of the cash register.

. . . She gave the defendant one (1) $5 bill, two (2) $1 bills and seven (7) quarters. In the process of emptying the register drawer, Green was able to trigger two silent alarms alerting the police that a robbery was in progress. . . .

. . . The police arrived shortly thereafter, and Green gave them a description of the perpetrator.

Within minutes, Officers John Hughes and Regina Smith of the Memphis Police Department heard a radio broadcast describing the suspect of the robbery. . . . Approximately five minutes later, they spotted the defendant, who fit the description of the robbery suspect. . . .

Hughes and Smith took defendant into custody. Pursuant to a search, they discovered a knife with a curved blade in his pocket. They further found $8.75 on his person, which consisted of one (1) $5 bill, two (2) $1 bills and seven (7) quarters. . . . While defendant was sitting in the back of the [patrol] car, Green positively identified him as the man who robbed the store.

State v. Quentin Lewis, No. 02C01-9702-CR-00052 (Tenn. Crim. App. at Jackson, Jan. 26, 1998), *perm. to appeal denied*, (Tenn.1998).

On September 2, 1999, the Appellant filed a *pro se* petition for post-conviction relief, alleging ineffective assistance of counsel. An amended petition was filed by appointed counsel on October 12, 1999, alleging additional factual grounds of deficient performance. A hearing was held on November 11, 1999, with the Appellant and Appellant's trial counsel being called as the only witnesses. The post-conviction court denied relief as to all issues.

## ANALYSIS

The issue as framed by the Appellant on appeal is as follows: "Whether or not the trial court committed reversible error when it denied the Appellant's petition for post-conviction relief?" The "Tennessee Rules of Appellate Procedure do not contemplate that an appellant may submit one blanket issue as to the correctness of a judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment." State v. Lewis, No. 2 (Tenn. Crim. App. at Jackson, Dec. 23, 1987), *perm. to appeal denied*, (Tenn. 1988) (Jones, J. concurring) (quoting *Lesson v. Chernau*, 734 S.W.2d 634, 637 (Tenn. App.), *cert. denied*, (Tenn. 1987)); see also Tenn. R. App. P. 27(a). Generally, a failure to comply with the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure will result in the issues being waived. State v. Dykes, 803 S.W.2d 250 (Tenn. Crim. App. 1990); State v. Gray, 960 S.W.2d 598 (Tenn. Crim. App. 1997).

A further examination of the Appellant's brief reflects that, within the "statement of facts," are two issues relating to ineffectiveness, also identified in the Appellant's petition: (1)"[T]rial counsel did not locate and subpoena alibi witnesses which the Appellant provided;" and (2) trial counsel "did not object to the police officer's use of a police report to refresh his memory . . . ." Unfortunately, appellate counsel failed to provide this court with any argument pertaining to the "alibi" defense raised in issue I; therefore, we are unable to address the merits of this issue as it is waived. See Tenn. R. App. P. 27(a)(7). Accordingly, we proceed to address the Appellant's remaining issue relating to trial counsel's failure to object at trial to a police officer's use of a police report during his testimony.

To establish an ineffective assistance of counsel claim, the Appellant "bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Henley v. State, 906 S.W.2d 572, 579 (Tenn. 1997) (citing Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Strickland v, Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2054 (1984)). The burden of proof standard is that of "clear and convincing" evidence. Tenn. Code Ann. § 40-30-210(f) (1997). In reviewing a claim of ineffective assistance of counsel this court must decide whether the services rendered are within the range of competence demanded of attorneys in criminal cases.[1] Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn.1976). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); Henley, 960 S.W.2d at 572. However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. Fields, 40 S.W.3d at 458.

Applying the foregoing ineffectiveness standard, this court must determine whether the Appellant received effective assistance of counsel applying *de novo* review. Fields, 40 S.W.3d at 458. The Appellant argues that trial counsel was deficient for failing "to object to the use of the police report to refresh the testifying officer's memory" in violation of Rule 612, Tennessee Rules of Evidence. At the post-conviction hearing, trial counsel did not recall the specific testimony of the "testifying officer" at trial. A lengthy recess was held to permit trial counsel to review the testifying officer's testimony and the officer's use of the police report to refresh his memory. Unfortunately, no transcribed portion of the "testifying officer's" testimony at trial was admitted into evidence at the post-conviction hearing. Moreover, we are unable to discern from the record the manner or context in which the police report was utilized by the testifying officer. As such, no foundation has been established which permits us to determine whether a violation of Rule 612 has, in fact, occurred. If indeed a valid objection could have been made to the testifying officer's improper use of his police report, the resulting consequence would simply have permitted trial counsel to "inspect" the report, "cross-examine the witness" about the report,

---

[1]We reject Appellant's reliance upon Maine authority and the announced standard of that state, "The test is whether or not trial counsel's performance was measurably below that of an ordinary fallible attorney. Whitemore v. State, 670 A.2d 394 (Me. 1996).

and to "introduce in evidence those portions which relate to the testimony of the witness." Tenn. R. Evid. 612. No dispute is made that the contents of the report were erroneous. Thus, even assuming for argument's sake that counsel was deficient in not objecting, we fail to see how, but for this failure alone, the jury could have had reasonable doubt regarding the Appellant's guilt. Strickland, 466 U.S. at 695.

## CONCLUSION

We agree with the post-conviction court that the proof fails to establish by clear and convincing evidence that trial counsel's performance was deficient. If the representation is not found to be deficient then the inquiry ends, since a petitioner must demonstrate both deficient performance and actual prejudice under the standards of Strickland v. Washington, 466 U.S. at 668; State v. Burns, 6 S.W.3d. 453, 461 (Tenn. 1999). For the foregoing reasons, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE