IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2016 Session

**JOYCE BRADLEY WATTS v. COLIN WADE WATTS**

**Appeal from the Circuit Court for Davidson County**
**No. 09D-1659      Phillip R. Robinson, Judge**

_____

**No. M2015-01216-COA-R3-CV – Filed June 8, 2016**

_____

At issue is whether a trial court may award attorney's fees that relate to a petition for criminal contempt when the contempt arises in the context of a child support proceeding. Mother filed a post-divorce petition asserting that Father was in criminal contempt for failing to satisfy his support obligations along with a petition seeking a judgment for child support arrearages and attorney's fees. After an evidentiary hearing, the trial court found Father guilty of one count of criminal contempt and found that Mother was entitled to a judgment for the unpaid child support. When Mother submitted her application for attorney's fees, Father objected arguing that an award of attorney's fees for the prosecution of the criminal contempt petition would violate his rights under Tenn. Code Ann. § 29-9-103(b) and Article VI, Section 14 of the Tennessee Constitution. Following a hearing, the court awarded Mother her attorney's fees related to the child support judgment pursuant to Tenn. Code Ann. § 36-5-103(c), which award is not at issue in this appeal. The court also awarded Mother the attorney's fees she incurred in pursuit of the criminal contempt petition pursuant to Tenn. Code Ann. § 36-5-103(c) because "the criminal contempt [petition] served a dual purpose of preserving the power and vindicating the dignity and authority of the law and the Court as well as collecting substantial amounts of child support for the benefit of the minor children." While we recognize that a criminal contempt petition may serve as the catalyst for a delinquent parent to satisfy his or her child support obligations, the purpose of criminal contempt is to uphold the court's authority, not to enforce the private rights of a party. Moreover, the criminal contempt statute, Tenn. Code Ann. § 29-9-103(b), expressly limits the punishment that a court may award, and it makes no provision for the recovery of attorney's fees. Because attorney's fees incurred in a petition for criminal contempt are not provided for by statute or other rule and the purpose of criminal contempt is to uphold the court's authority, not to enforce the private rights of a party, we reverse the award of attorney's fees related to the petition for criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD R. DINKINS and ARNOLD B. GOLDIN, JJ., joined.

Jeffrey L. Levy, Nashville, Tennessee, for the appellant, Colin Wade Watts.

Herbert H. Slatery III, Attorney General and Reporter; Andree S. Blumstein, Solicitor General; and Kathryn A. Baker, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

**OPINION**

Joyce Bradley Watts ("Mother") and Colin Wade Watts ("Father") were divorced on November 23, 2009. The final divorce decree adopted the Permanent Parenting Plan proposed by the parties, which designated Mother as the primary residential parent of the parties' minor children and required Father to pay child support in the amount of $629 per month. The divorce decree also required Father to pay $100 per month towards an arrearage judgment of $1,890 for pendente lite support.[1]

On January 17, 2014, Mother filed a Petition for Contempt against Father, asserting twenty-three counts of criminal contempt for failure to pay child support and seven counts of criminal contempt for failure to pay his share of the children's medical expenses. Mother also sought a judgment for child support arrearages and medical expenses as well as her attorney's fees pursuant to Tenn. Code Ann. § 36-5-103(c).

After a hearing, the trial court found Father guilty of one count of criminal contempt for failing to pay child support. The court also determined that Mother was entitled to a judgment of $3,060.80 for child support arrearages and $389.27 for medical expenses. The court ordered Father to serve ten days in jail for his contempt sentence but ultimately granted Father's motion for the sentence to be suspended. The court reserved the issue of Mother's attorney's fees for additional proof, and Mother's counsel was ordered to submit her fee affidavit.

Soon thereafter, Father filed a Motion for a Hearing alleging that an award of attorney's fees for the prosecution of the criminal contempt petition would violate his rights under Tenn. Code Ann. § 29-9-103 and Article VI, Section 14 of the Tennessee Constitution. Father gave notice to the Attorney General, and the State filed a motion to intervene, which was granted by the trial court. After a hearing, the trial court denied

---

[1] Thereafter, the trial court made several adjustments to Father's support obligation. By order on February 17, 2010, the court increased Father's payments to $943.50 per month. However, following a petition for modification of child support filed by Father, the trial court gave Father credit for additional parenting time with the parties' child and reduced his support obligation to $537.00 per month.

Father's statutory and constitutional challenge and ordered Father to pay Mother's attorney's fees. In so holding, the court reasoned:

> The Court must first determine whether the contempt action brought against the Father in this cause was civil in nature pursuant to [Tenn. Code Ann.] § 29-9-104 or criminal in nature pursuant to [Tenn. Code Ann.] § 29-9-103. . . . Under these circumstances, the Court finds that the portion of the petition against the Father dealing with contempt was criminal contempt under [Tenn. Code Ann.] § 29-9-103.

> The Court further finds, however, that the petition filed in this cause clearly contained an enforcement element, being the Mother's request for a judgment for unpaid child support and unpaid medical expenses for the benefit of the parties' minor children. . . . [Mother's testimony] serves the dual purpose of both attempting to establish contempt and providing the Court with sufficient information to grant the requested judgments. The Court therefore finds that pursuant to [Tenn. Code Ann.] § 36-5-103(c), the Mother should clearly be awarded her reasonable attorney's fees in connection with that portion of the petition devoted solely to the enforcement of the Father's child support obligations.

> The Court must next determine whether the Mother is entitled to any of her requested attorney's fees related solely to the criminal contempt portion of her petition. Our Appellate Courts have recognized that attorney's fees are appropriate in criminal contempt proceedings involving child custody or child support payments. It is recognized that such fees are expressly provided for by statute governing child custody and support proceedings. The statute reference for such authority was cited by the Mother in her petition, being [Tenn. Code Ann.] § 36-5-103(c). See *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. App. Ct. 1992); Also see *Butler v. Butler*, 1995 [WL 695123] (Nov. 21, 1995) wherein the Appellate Court found no basis to award attorney's fees to the prevailing party in a suit for violation of an injunction but in a footnote appended to that case cited the *Sherrod v. Wix* case as a basis for attorney's fees in child support criminal contempts.

> . . . .

> The Court further notes that the collateral result of the finding of criminal contempt and sentencing of the Father was that he paid the sum of $389.27 in open Court for medical expense reimbursements at the conclusion of the hearing. Thereafter, the Father paid the child support arrearage in the amount of $3,060.80 accompanied by a motion for suspension of his sentence prior to the execution date of the sentence. The Father obviously

was hopeful that the Court would consider such a payment in mitigating his request for a suspended sentence. In this instance, the criminal contempt served a dual purpose of preserving the power and vindicating the dignity and authority of the law and the Court as well as collecting substantial amounts of child support for the benefit of the minor children. Moreover, a finding of guilt and the sentence handed down to the Father serves as a deterrent to this Father and the public as a whole from violating the Court's Orders in the future and enhances future compliance.

Based on all of the foregoing, the Court finds that this criminal contempt action, based on Father's failure to comply with child support orders, does indeed contain an enforcement element. As noted above, a review of case law finds such a ruling is consistent with the findings of past Appellant rulings. *See Wilkinson v. Wilkinson*, No. M2010-00026-COA-R3-CV (Tenn. Ct. App. Nov. 29, 2011), *Clarkson v. Clarkson*, 2007 WL 3072772. This Court therefore finds that the Mother is entitled to her reasonable attorney's fees in connection with that portion of the petition dealing solely with the issue of criminal contempt also.

Father initiated this appeal and argues that the trial court's award of attorney's fees related to the criminal contempt petition violates Tenn. Code Ann. § 29-9-103 and Article VI, Section 14 of the Tennessee Constitution.[2]

### STANDARD OF REVIEW

The allowance of attorney's fees is largely in the discretion of the trial court, and we will not interfere except upon a clear showing of abuse of that discretion. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995). In order to ascertain whether a decision constitutes an abuse of discretion, we review the trial court's decision to determine whether the factual basis of the decision is supported by sufficient evidence, whether the trial court has correctly identified and properly applied the applicable legal principles, and whether the trial court's decision is within the range of acceptable alternatives. *Gooding v. Gooding*, 477 S.W.3d 774, 780 (Tenn. Ct. App. 2015).

---

[2] Father does not challenge the portion of the attorney's fees award related solely to enforcement of the judgment for child support.

ANALYSIS

## I. THE COURT'S CONTEMPT POWER

At common law, the power of courts to punish for contempt was vast and undefined. *See Clarkson v. Clarkson*, No, M2006-02239-COA-R3-CV, 2007 WL 3072772, at \*7 (Tenn. Ct. App. Oct. 22, 2007) (*citing Black v. Blount*, 938 S.W.2d 394, 397 (Tenn. 1996)). However, because of the potential to abuse this unlimited power, our legislature has adopted specific statutory provisions to limit and define the contempt power. *Id.*; *see* Tenn. Code Ann. §§ 29-9-101 to -108. Accordingly, punishment for contempt may now "be exercised only within the fixed rules of law." *State v. Gray*, 46 S.W.3d 749, 750 (Tenn. Ct. App. 2000).

Conduct punishable as contempt is outlined in Tenn. Code Ann. § 29-9-102 and includes, "the willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such orders[.]" Tenn. Code Ann. § 29-9-102. After a finding of contempt, the statutes permit courts to award several different remedies, depending on the facts of the case and whether the contempt is civil or criminal in nature. *See* Tenn. Code Ann. §§ 29-9-103 to -105.

A court can imprison or fine an individual to compel compliance with a court order. *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000); Tenn. Code Ann. § 29-9-104.[3] This is typically referred to as "civil contempt" and is only available when the individual has the ability to comply with the order at the time of the contempt hearing. *See Ahern*, 15 S.W.3d at 79. In civil contempt, the imprisonment is meted out at the insistence and for the benefit of a private litigant. *Id*. Compliance will result in release from prison. *Black*, 938 S.W.2d at 398 (noting that in civil contempt, the contemnor "carries the keys to his prison in his own pocket[.]").

Additionally, a court can imprison or fine an individual simply as punishment for contempt, which is known as criminal contempt. *Id*. Criminal contempt is "intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society." *Doe v. Bd. of Prof'l Resp. of Supreme Court of Tenn.*, 104 S.W.3d 465, 474 (Tenn. 2003). Thus, sanctions for criminal contempt are generally both punitive and

---

[3] Tennessee Code Annotated § 29-9-104 provides:

(a) If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it.
(b) The person or if same be a corporation, then such person or corporation can be separately fined, as authorized by law, for each day it is in contempt until it performs the act ordered by the court.

unconditional in nature. *Black*, 938 S.W.2d at 398. "A party who is in criminal contempt cannot be freed by eventual compliance." *Ahern*, 15 S.W.3d at 79.

However, Tenn. Code Ann. § 29-9-103(b) limits the punishment that a court may impose for a finding of criminal contempt. *See id*. Section 29-9-103 states:

> (a) The punishment for contempt may be by fine or by imprisonment, or both.
>
> (b) Where not otherwise specially provided, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50.00), and imprisonment not exceeding ten (10) days, and, except as provided in § 29-9-108, all other courts are limited to a fine of ten dollars ($10.00).

Tenn. Code Ann. § 29-9-103.

Under this provision, we have found that an award of attorney's fees in the context of criminal contempt is generally not authorized by Tennessee law. *See Clarkson*, 2007 WL 3072772, at *8 n.2; *Butler v. Butler*, No. 02A01-9409-CH-00218, 1995 WL 695123, at *1 (Tenn. Ct. App. Nov. 21, 1995) (holding that an award of attorney's fees in a criminal contempt proceeding was improper because it was "simply not within the limits established by [Tenn. Code Ann. § 29-9-103(b)].").[4] Nevertheless, the trial court in this case determined that Tenn. Code Ann. § 36-5-103(c) provides the statutory authority for awarding attorney's fees related to Mother's petition for criminal contempt. On appeal, Father argues that this conclusion was in error.

## II. PRIOR CASES INVOLVING TENN. CODE ANN. § 36-5-103(C)

In order to assess the merits of Father's contention, we find it necessary to review Tenn. Code Ann. § 36-5-103(c) and our prior opinions analyzing attorney's fee awards for criminal contempt in the context of custody and support cases.

Tenn. Code Ann. § 36-5-103(c) provides statutory authority for a trial court to award attorney's fees in certain cases involving custody and support. *See* Tenn. Code Ann. § 36-5-103(c). Specifically, it provides:

---

[4] Tennessee courts have permitted an award of attorney's fees as compensatory damages for **civil** contempt under Tenn. Code Ann. § 29-9-105. *See Reed v. Hamilton*, 39 S.W.3d 115, 119-20 (Tenn. Ct. App. 2000); *Butler*, 1995 WL 695123, at *2. We have noted that such awards are justified in this context because they serve to "compensate [plaintiffs] for the loss sustained as a result of the wrongful and contemptuous actions of [defendants]." *Reed*, 39 S.W.3d at 120.

The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

*Id*.

As the trial court correctly notes, several unpublished opinions of this court have discussed Tenn. Code Ann. § 36-5-103(c) in the context of criminal contempt proceedings.[5]

The two most recent cases are *Uria v. Uria*, No. M2011-02751-COA-R3-CV, 2013 WL 485676 (Tenn. Ct. App. Feb. 6, 2013), and *Wilkinson v. Wilkinson*, No. M2010-00026-COA-R3-CV, 2011 WL 5986405 (Tenn. Ct. App. Nov. 29, 2011), which contain similar factual scenarios. In *Uria*, we considered a case in which a father filed a petition for criminal contempt, alleging that the mother had prevented him from engaging in parenting time with the parties' children as required by the parenting plan and divorce decree. *Uria*, 2013 WL 485676, at *2. After a hearing, the trial court found the mother guilty of criminal contempt and sentenced her to forty-eight hours incarceration. *Id.* at *3. The trial court also ordered the mother to pay the father's attorney's fees. *Id.*

Similarly, in *Wilkinson*, during the divorce proceedings, the wife filed a petition for criminal contempt against her husband, asserting that the husband had failed to pay his monthly pendente lite support as ordered by the court. *Wilkinson*, 2011 WL 5986405, at *1. The trial court found the husband guilty of two counts of criminal contempt and sentenced him to ten-days incarceration for each count. *Id.* at *2. The trial court also found that the wife incurred legal fees in the prosecution of the contempt and, as she was in need of support, ordered the father to pay her attorney's fees. *Id.*

In both cases, we affirmed the trial court's award of attorney's fees related to the petitions for criminal contempt. *See Uria*, 2013 WL 485676, at *9; *Wilkinson*, 2011 WL 5986405, at *4. Citing Tenn. Code Ann. § 36-5-103(c), we noted that there is specific statutory authority that permits a court to award attorney's fees to the prevailing party in

---

[5] We are not aware of any published opinions of this court or of the Tennessee Supreme Court that have directly addressed this issue. Although this court's unpublished decisions are not binding precedent, they are nevertheless persuasive authority. *Fortune v. Unum Life Ins. Co. of Am.*, 360 S.W.3d 390, 398 (Tenn. Ct. App. 2010).

cases involving custody and support orders. *Uria*, 2013 WL 485676, at *9; *Wilkinson*, 2011 WL 5986405, at *4. We concluded that this authority permitted the trial courts to award attorney's fees related to the petitions for criminal contempt because those petitions came about in the context of enforcing custody and support orders. *Uria*, 2013 WL 485676, at *9; *Wilkinson*, 2011 WL 5986405, at *4.

In reaching these conclusions, we relied upon our reasoning in *Dhillon v. Dhillon*, No. M2009-02018-COA-R3-CV, 2010 WL 3025193 (Tenn. Ct. App. Aug. 2, 2010) and *Clarkson*, 2007 WL 3072772, at *8 n.2. In *Dhillon* we held:

> Courts have discretion to award fees in proceedings to enforce or defend custody and support orders pursuant to Tenn. Code Ann. § 36-5-103(c); **this authority extends to criminal contempt proceedings which involve custody or support.** *Clarkson v. Clarkson*, No. M2006-02239-COA-R3-CV, 2007 WL 3072772, at *8, n.2 (Tenn. Ct. App. Oct. 22, 2007) (citing *Butler v. Butler*, No. 02A01-9409-CH-00218, 1995 WL 695123, at *2 (Tenn. Ct. App. Nov. 21, 1995); *Larson v. Halliburton*, No. M2004-02435-COA-R3-CV, 2007 WL 1241343, at *4 (Tenn. Ct. App. Apr. 27, 2007); *Cooner v. Cooner*, No. 01-A-01-9701-CV00021, 1997 WL 625277, at *7 (Tenn. Ct. App. Oct. 10, 1997)).

*Dhillon*, 2010 WL 3025193, at *8 (emphasis added). Similarly, in a footnote in *Clarkson* we stated:

> This Court has previously found that an award of attorney's fees to a prevailing party in a criminal contempt proceeding is not authorized by Tennessee law, **except for those discretionary awards based on Tenn. Code Ann. § 36-5-103 in cases involving alimony, child support, or custody.** *Butler v. Butler*, No. 02A01-9409-CH–00218, 1995 WL 695123, at *2 (Tenn. Ct. App. W.S. Nov. 21, 1995); *see also Larson v. Halliburton*, No. M2004-02435-COA-R3-CV, 2007 WL 1241343, at *4 (Tenn. Ct. App. Apr. 27, 2007) (memorandum opinion reaching same conclusion); *Cooner v. Cooner*, No. 01-A-01-9701-CV00021, 1997 WL 625277, at *7 (Tenn. Ct. App. M.S. Oct. 10, 1997).

*Clarkson*, 2007 WL 3072772, at *8 n.2 (emphasis added).

As can be seen in each of the above quotations, in reaching our conclusions in *Dhillon* and *Clarkson*, this court relied on the following cases: *Larson v. Halliburton*, 2007 WL 1241343, *Butler v. Butler*, 1995 WL 695123, and *Cooner v. Cooner*, 1997 WL 625277. Having reviewed these cases, we conclude that they do not support the conclusion that Tenn. Code Ann. § 35-5-103(c) grants authority for a trial court to award attorney's fees that relate only to a petition for criminal contempt.

At the outset, we note that our opinion in *Larson* is a Rule 10 Memorandum Opinion. *See Larson*, 2007 WL 1241343, at *1. Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, **and shall not be cited or relied on for any reason in any unrelated case**.

Tenn. R. Ct. App. 10 (emphasis added). Thus, because *Larson* is a Rule 10 Memorandum opinion, it cannot be cited or relied upon "for any reason." Therefore, *Larson* provides no foundation for the conclusion reached in *Dhillon* and *Clarkson*.

Additionally, our opinions in *Butler* and *Cooner* do not support the conclusion that Tenn. Code Ann. § 36-5-103(c) provides the statutory authority for awarding attorney's fees related to a petition for criminal contempt in a case involving custody and support. In *Butler*, we considered a case in which the plaintiff filed a petition for criminal contempt after the defendant violated an injunction that prevented him from harassing or interfering with the plaintiff in any manner. *Butler*, 1995 WL 695123, at *1. After finding the defendant guilty of criminal contempt for violating the injunction, the trial court imposed a twenty-four hour sentence, fined the defendant $50.00, and ordered him to pay the plaintiff's attorney's fees. *Id.*

In the *Butler* appeal, we reversed the trial court's award of attorney's fees. *Id.* at *3. In so doing, we reasoned:

> It has long been the law that a fifty-dollar fine and ten days' imprisonment are all that a chancery court may impose for criminal contempt. *Weidner v. Friedman*, 126 Tenn. 677, 151 S.W. 56 (Tenn. 1912). Although the punishment for criminal contempt may be either a fine or imprisonment or both, the punishment is confined to the prescribed limits of $50.00 and ten days. *Robins v. Frazier*, 52 Tenn. 100, 104 (1871).
>
> Tennessee Code Annotated § 29-9-103 establishes the punishment that may be imposed in an action for criminal contempt. This section provides:
>
> > Punishment.-(a) The punishment for contempt may be by fine or by imprisonment, or both. (b) Where not otherwise specially provided, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50.00), and imprisonment not exceeding ten (10) days, and, except as

provided in § 29-9-108, all other courts are limited to a fine of ten dollars ($10.00).

T.C.A. § 29-9-103 (Supp. 1995).

**Plaintiff was unable to adduce any Tennessee law standing for the proposition that it is permissible for a court to exceed the statutorily-defined limits for punishment for criminal contempt by awarding attorney's fees to the prevailing party in a suit for violation of an injunction. Neither are we aware of any such case law.**

Appellee might prevail in her quest for attorney's fees if this were a case for civil contempt because there is authority holding that attorney's fees may be awarded in civil contempt proceedings. *TWM Manufacturing Co. v. Dura Corp.*, 722 F.2d 1261 (6th Cir.1983); *In re Crabtree*, 60 B.R. 147 (Bankr.E.D.Tenn.1986); *Kuykendall v. Latham*, 1991 WL 10178 (Tenn. App. Feb. 4, 1991). However, the instant case is one for criminal contempt and the punishment for criminal contempt has been clearly delineated in the above statute.

**We agree with Defendant that the award of attorney's fees was improper because it was simply not within the limits established by the statute**. Although we sympathize with Plaintiff because she was forced into court by Defendant's actions, the general rule is that absent a statute, contract, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by the opposing party. *State ex rel. Orr v. Thomas*, 585 S.W.2d 606 (Tenn. 1979); *Ezell v. Graves*, 807 S.W.2d 700 (Tenn. App. 1990). There is no statute in this State requiring the losing party to pay the prevailing party's attorneys fees in a case such as this. To allow these fees without statutory authority would violate public policy. *Owen v. Stanley*, 739 S.W.2d 782, 788 (Tenn. App. 1987); *John J. Heirigs Construction Co. v. Exide*, 709 S.W.2d 604, 609 (Tenn. Ct. App. 1986).

*Butler*, 1995 WL 695123, at *2-3 (footnotes omitted) (emphasis added).

By concluding that an award of attorney's fees was not available in a criminal contempt case, we reached almost the exact opposite conclusion in *Butler* as we did in *Dhillon* and *Clarkson*. Importantly, however, a footnote in the *Butler* opinion stated:

There are many cases where attorney's fees have been awarded to the prevailing party in criminal contempt proceedings involving child custody or child support payments. These attorney's fees, however, are expressly provided for by a statute governing child custody and child support

- 10 -

> proceedings. *See*, *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. App. 1992);
> Tenn. Code Ann. § 36-5-103(c) (Supp. 1995).

*Butler*, 1995 WL 695123 at *2 n.1. It appears that this footnote was the basis for our reliance on *Butler* to support the proposition that attorney's fees related to a petition for criminal contempt cases are available under Tenn. Code Ann. § 36-5-103(c) in certain cases.

However, *Butler* was a case involving the defendant's failure to comply with an injunction and did not involve a custody adjudication or failure to comply with a support order. *See id.* at *1. Therefore, the footnote discussing fee awards under Tenn. Code Ann. § 36-5-103(c) was dictum. *See Bellar v. Nat'l Motor Fleets, Inc.*, 450 S.W.2d 312, 313-14 (Tenn. 1970) ("Dictum is an opinion expressed by a court upon some question of law which is not necessary to the decision of the case before it."). "Court decisions must be read with special reference to the questions involved and necessary to be decided, and language used which is not decisive of the case or decided therein is not binding as precedent." *Shepherd Fleets, Inc. v. Opryland USA, Inc.*, 759 S.W.2d 914, 922 (Tenn. Ct. App. 1988) (citing *Rush v. Chattanooga DuPont Emp. Credit Union*, 358 S.W.2d 333 (Tenn. 1962)). Thus, the dicta in the *Butler* footnote regarding attorney's fees in child custody and support cases is not binding precedent.

Moreover, upon reviewing *Sherrod v. Wix*, the sole case cited in support of the dictum statement in *Butler*, we have determined that it is also not supportive of the proposition that attorney's fees are available for criminal contempt under Tenn. Code Ann. § 36-5-103(c). Although *Sherrod* was a case involving a criminal contempt petition in the midst of a custody dispute,[6] the trial court's award of attorney's fees in that case did not relate to the criminal contempt petition. *Sherrod*, 849 S.W.2d at 785. Instead, "the trial court . . . determined that [the father] should pay legal expenses [the mother] incurred *in responding to his request for a change in the custody.*" *Id.* (emphasis added). No reference was made to fees incurred with regard to the allegations of contempt.[7]

---

[6] In *Sherrod*, the trial court awarded custody of the parties' infant son to the mother. *Scott v. Scott*, No. 01A01-9806-CH-00272, 1999 WL 254420, at *7 (Tenn. Ct. App. April 30, 1999) (citing *Sherrod*, 849 S.W.2d at 780). Thereafter, the father hired a private investigator to follow the mother in an effort to obtain incriminating evidence against her. *Id.* The mother then obtained an order enjoining the father from harassing her. Subsequently the father filed a petition to change custody and, in the course of discovery, violated the injunction. After a hearing on the petition to change custody, the trial court: (1) denied the petition to change custody; and (2) and found the father in contempt for violating the injunction. *Id.*

[7] The trial court's punishment following the finding of contempt mentioned nothing of the mother's attorney's fees. *Sherrod*, 849 S.W.2d at 783. Instead, it simply imposed a sentence of ten days. *Id.*

- 11 -

Further, our opinion in *Cooner* does not lend support to the conclusions stated in *Dhillon* and *Clarkson*—i.e., that the authority to award attorney's fees under Tenn. Code Ann. § 36-5-103(c) extends to a criminal contempt. *Cooner* involved a case in which a father filed a petition for criminal contempt alleging that the mother of the parties' child removed the child's possessions, furniture, and other items from the father's house without the father's knowledge and, in so doing, violated an order of the court regarding the parties' parenting time. *Cooner*, 1997 WL 625277, at *2. The trial court found the mother in criminal contempt and sentenced her to one night of incarceration. *Id.* at *3. The trial court also awarded a judgment against the mother for the father's attorney's fees. *Id.*

On appeal, we reversed the trial court's award of attorney's fees. *Id.* at *7. In so doing, we reasoned:

> Trial courts may award attorneys fees in proceedings to enforce child support decrees or in proceedings involving the custody or change of custody of children. Tenn. Code Ann. § 36-5-103(c) (1996). However, this was not such a proceeding. **Criminal contempt proceedings, unlike civil contempt proceedings, are for the benefit of the court not for the benefit of the parties.** *State ex rel. Agee v. Chapman*, 922 S.W.2d at 519. Accordingly, in the absence of a statute or rule enabling prevailing parties in criminal contempt proceedings to recover their attorney's fees, **this Court holds that the trial court did not have authority to order [the mother] to pay [the father] for the legal expenses he incurred to pursue his criminal contempt petition.**

*Id.* (emphasis added). Thus, our opinion in *Cooner* stands in contrast to the proposition for which it was cited in *Dhillon* and *Clarkson*. *See Dhillon*, 2010 WL 3025193, at *8; *Clarkson*, 2007 WL 3072772, at *8 n.2.

For the forgoing reasons, we conclude that the cases relied on in *Dhillon* and *Clarkson* do not support the proposition that Tenn. Code Ann. § 36-5-103(c) authorizes a trial court to award attorney's fees related to a petition for criminal contempt when the criminal contempt arises in the context of a child custody or support case. Therefore, it follows that our reliance on *Dhillon* and *Clarkson* in subsequent cases, such as *Uria* and *Wilkinson*, was misplaced.[8] Accordingly, we will conduct a fresh assessment of the issue concerning whether attorney's fees related to a petition for criminal contempt are available under the current statutory scheme.

---

[8] "We observe that this Court may overrule its own earlier opinions and that the sections of the Court have from time to time reached differing conclusions." *State v. Anderson*, No. W2014-01971-COA-R3-CV, 2015 WL 2374575, at *5 n.3 (Tenn. Ct. App. May 15, 2015).

As described above, the court's contempt power is now defined and controlled by statute. *See* Tenn. Code Ann. §§ 29-9-101 to -108. In interpreting these statutes, we apply the following well-established principles of statutory construction:

> When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. *See* [*Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000)]; *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). Where an ambiguity exists, we must look to the entire statutory scheme and elsewhere to ascertain the legislative intent and purpose. *State v. Walls*, 62 S.W.3d 119, 121 (Tenn.2001); *Freeman* [*v. Marco Transp. Co.*, 27 S.W.3d 909, 911 (Tenn. 2000)]. The statute must be construed in its entirety, and it should be assumed that the legislature used each word purposely and that those words convey some intent and have a meaning and a purpose. *Tennessee Growers, Inc. v. King*, 682 S.W.2d 203, 205 (Tenn.1984). The background, purpose, and general circumstances under which words are used in a statute must be considered, and it is improper to take a word or a few words from its context and, with them isolated, attempt to determine their meaning. *First Nat'l Bank of Memphis v. McCanless*, 186 Tenn. 1, 207 S.W.2d 1007, 1009-10 (1948).

*Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Additionally, issues of statutory interpretation are questions of law, which we review de novo. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

The relevant provision of the contempt statutes in this case is Tenn. Code Ann. § 29-9-103, which provides:

> (a) The punishment for contempt may be by fine or by imprisonment, or both.
>
> (b) Where not otherwise specially provided, the circuit, chancery, and appellate courts are limited to a fine of fifty dollars ($50.00), and imprisonment not exceeding ten (10) days . . . .

Tenn. Code Ann. § 29-9-103.

As can be seen from the statute's plain language, there are three methods by which a court may punish contempt—imprisonment or fine or both—and the statute places limits on these methods. *See id.* Although the statute allows these limits to be exceeded if

the legislature has "otherwise specially provided," section 29-9-103 is silent on the issue of whether a court may award attorney's fees incurred in pursuing a contempt order. *See id.* Further, none of the other contempt statutes have a provision explicitly allowing a trial court to award attorney's fees related to criminal contempt. *See* Tenn. Code Ann. §§ 29-9-101 to -108.

This statutory silence is especially relevant when considering the policy behind attorney's fees in Tennessee. *See Ezell v. Graves*, 807 S.W.2d 700, 702 (Tenn. Ct. App. 1990). Under Tennessee law, there is no inherent right to have attorney's fees paid by the opposing party. *Id.* To the contrary, "a party in a civil action may not recover attorney's fees absent a specific contractual or statutory provision providing for attorney's fees as part of the prevailing party's damages." *House v. Estate of Edmonson*, 245 S.W.3d 372, 377 (Tenn. 2008). This "American rule" of attorney's fees, has been justified as serving the following public policy considerations:

> First, since litigation is inherently uncertain, a party should not be penalized for merely bringing or defending a lawsuit. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967), superseded by statute on other grounds, Act of Jan. 2, 1975, Pub.L. No. 93–600, 88 Stat.1955. Second, the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included paying the fees of their opponent's lawyer. *Id.* Third, requiring each party to be responsible for their own legal fees promotes settlement. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 818 (Colo.2002). Fourth, the time, expense, and difficulty inherent in litigating the appropriate amount of attorney's fees to award would add another layer to the litigation and burden the courts and the parties with ancillary proceedings. *Fleischmann*, 386 U.S. at 718, 87 S.Ct. 1404.

*House*, 245 S.W.3d at 377.

As discussed above, Tenn. Code Ann. § 36-5-103(c) is the statute the trial court relied upon to award attorney's fees after finding that the petition for criminal contempt contained an "enforcement element." This statute states:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed

and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c). By its express terms, section 36-5-103(c) authorizes a court to award a party attorney's fees incurred in two situations: (1) when the fees are incurred "in enforcing any decree for alimony and/or child support . . . ."; or (2) when the fees are incurred "in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties . . . ." *See id.*[9]

A criminal contempt petition does not serve either of these objectives. Unlike civil contempt, a criminal contempt petition does not seek to vindicate private rights or enforce a prior order. *See Doe*, 104 S.W.3d at 474 ("Punishment for civil contempt is designed to coerce compliance with the court's order and is imposed at the insistence and for the benefit of the private party who has suffered a violation of rights."). Instead, the purpose of criminal contempt is to uphold the authority and power of the trial court. *See id.* ("[C]riminal contempts are intended to preserve the power and vindicate the dignity and authority of the law, and the court as an organ of society."). Proceedings for criminal contempt "are designed to punish past behavior rather than coerce compliance with a court's order or influence future behavior." *Cremeens v. Cremeens*, No. M2014-01186-COA-R3-CV, 2015 WL 4511921, at *6 (Tenn. Ct. App. July 24, 2015) (no perm. app. filed). Any benefit to the private party in a criminal contempt proceeding is merely tangential to the primary purpose of upholding the court's authority. *Id.*; *see also* Marlene Moses & Manuel Benjamin Russ, *Can Criminal Contempt Create Compliance?*, 51 TENN. B. J. 35, 36 (2015).

Therefore, because criminal contempt petitions do not operate to enforce child support orders or adjudicate custody, we conclude that Tenn. Code Ann. § 36-5-103(c) does not authorize a court to award attorney's fees related to criminal contempt. Further, as discussed above, attorney's fees are not within the statutory limits to criminal contempt under Tenn. Code Ann. § 29-9-103. Moreover, although attorney's fees may be a logical and potentially effective part of a sentence for criminal contempt, and the legislature may wish to consider this issue in the future, we do not believe that the legislature has "specially provided" for attorney's fees as an additional punishment elsewhere under the present statutory provisions. "It is the legislature's responsibility to

---

[9] Notwithstanding the text of the statute, Tenn. Code Ann. § 36-5-103(c) has been used as authority to award fees to custodial parents who have successfully sought increases in child support and to parents who successfully defended against an obligor parent's attempts to reduce child support. *See Evans v. Evans*, No. M2002-02947-COA-R3-CV, 2004 WL 1882586, at *11, *14 (Tenn. Ct. App. Aug. 23, 2004) (criticizing but apparently accepting this interpretation). However, this interpretation of Tenn. Code Ann. § 36-5-103(c) is not applicable in this case because the criminal contempt petition was not an attempt to modify child support or a defense against the modification of child support.

set the limits for punishment and the courts are not free to impose greater punishments without statutory authority." *Cable v. Clemmons*, 36 S.W.3d 39, 45 (Tenn. 2001).

Absent a statute or contractual provision permitting such fees, a party is not entitled to recover their attorney's fees. *See House*, 245 S.W.3d at 377. We find no statutory authority permitting a party to recover attorney's fees incurred to prosecute a petition for criminal contempt and Mother does not rely on a contractual provision in seeking to recover her attorney's fees in the context of the petition for criminal contempt. Therefore, Father is not liable for the attorney's fees Mother incurred in prosecuting her petition for criminal contempt.[10]

In so holding, we are cognizant of the fact that the purpose of awarding legal fees in custody and support cases is to protect the rights and legal remedies of children. *See Sherrod*, 849 S.W.2d at 785. However, our opinion does not operate to limit a child or parent's access to the courts and does not affect their ability to enforce a support order. Instead, under section 36-5-103(c), a litigant may still recover reasonable attorney's fees that relate to enforcing a support order or adjudicating a custody dispute. Moreover, our opinion does not impede a litigant from utilizing civil contempt to enforce a support or custody order. *See* Marlene Moses & Manuel Benjamin Russ, *Can Criminal Contempt Create Compliance?*, 51 TENN. B. J. 35, 36 (2015) ("[A]n attorney filing a civil contempt for a client is seeking to enforce a client's contractual or statutory rights and, therefore, is entitled to an award of attorney's fees."). However, criminal contempt does not serve the purpose of enforcing a support order or adjudicating custody; instead, it vindicates the power and authority of the court by punishing the contemnor.

## IV. CONSTITUTIONAL ISSUES

Father additionally argued that an award of attorney's fees for the prosecution of the criminal contempt petition would violate his rights under Article VI, Section 14 of the Tennessee Constitution. Because we have concluded that an award of attorney's fees is not permissible in the context of criminal contempt under Tennessee statute, we need not address the constitutionality of such an award in this case. *See Wilson v. Wilson*, 984

---

[10] As discussed above, attorney's fees are also available when specifically provided for in a contractual provision. *See House*, 245 S.W.3d at 377. In this case, the parties' Marital Dissolution Agreement ("MDA") has a provision stating: "Should either party incur any expense or legal fees in a successful effort to enforce any portion of this Marital Dissolution Agreement, the Court **SHALL** award reasonable attorney's fees and suit expenses to the non-defaulting party." (Emphasis in original). Although this provision clearly permits an award of attorney's fees incurred in enforcing the child support order, we have determined that the criminal contempt petition did not serve the purpose of enforcement of that order. Instead, the criminal contempt petition operated to uphold the authority of the trial court by punishing Father for his contempt. Thus, this provision of the MDA cannot be relied on as a basis for attorney's fees for criminal contempt.

S.W.2d 898, 902 (Tenn. 1998) (noting that appellate courts ordinarily do not address constitutional issues if a case may be decided upon non-constitutional grounds).

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with costs of appeal assessed against Colin Wade Watts.

_____
FRANK G. CLEMENT, JR., JUDGE
