FILED

02/16/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 22, 2016 Session

**STATE OF TENNESSEE EX REL. TANIKIA YOLANDA HURT
v. WILLIAM GEORGE BULLS, III**

**Appeal from the Juvenile Court for Hamilton County
No. 24553    Robert D. Philyaw, Judge**

_____

**No. E2015-02078-COA-R3-JV**

_____

This case originated when the State, acting on behalf of Tanikia Yolanda Hurt (Mother), filed a petition against William George Bulls, III (Father) seeking to have him held in contempt because of his failure to pay child support.  A juvenile court magistrate dismissed the State's petition, finding that Father had paid all of his arrearage.  On the day the court dismissed the petition, Mother filed a new pleading, a motion, again seeking a finding of contempt against Father.  She once again alleged unpaid support in addition to other matters.  This motion was also dismissed.  Mother appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Juvenile Court
Affirmed ; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Tanikia Yolanda Hurt, Minneola, Florida, appellant, pro se.

William George Bulls, III, Chattanooga, Tennessee, appellee, pro se.

**OPINION**

**I.**

The parties had one child, who was born in 2001.  An earlier order required Father to pay monthly child support of $325.  He fell behind in his payments.  The State filed a petition for contempt against him on January 28, 2015, alleging that he willfully failed to pay $1,063.26 in back support.  In March 2015, the State amended its petition to also

request a modification of the child support order.  It based its petition on a significant variance in Father's income.

A juvenile court magistrate heard the petition on June 15, 2015.  She entered an order the same day increasing Father's monthly support obligation and assessing an arrearage against him.  Pursuant to the Child Support Guidelines, the magistrate set Father's monthly support obligation at $695, plus a monthly $35 payment on the arrearage.  The magistrate modified the arrearage to add support payments that had accrued since the petition was filed.  The amount of the addition was $925.  This brought the total arrearage to $2,363.65.  Following all of this, the magistrate found: "Since the filing of the contempt petition, [Father] has paid [the arrearage] balance down to zero. [Father] stipulates to a finding of contempt.  Sentence reversed."  The magistrate continued the case for a compliance review, which occurred on August 12, 2015.  At that time, the magistrate again found Father in compliance with his child support obligation. She then dismissed the petition.

From here, the procedural history grows somewhat convoluted.  The same day the contempt petition was dismissed, Mother, acting pro se, filed a motion for contempt and other relief.  Surprisingly, she alleged Father owed an arrearage of $8,000.  By motion, Father asked that the court find him compliant and award him his attorney's fees.  The juvenile court magistrate entered an order on September 25, 2015 dismissing Mother's motion and granting Father an award of attorney's fees, said fees being incurred by Father in defending the contempt motion.  Mother filed a notice of appeal on October 2, 2015 stating that she was appealing from the court's September 25, 2015 order "and all Judgments adverse to the Plaintiff, including the Due Process and other Constitutional Rights the Ruling Court has routinely violated."  The State filed a notice of intent not to file a brief.

While Mother's contempt motion was pending, on August 17, 2015, Mother filed a rehearing request on the magistrate's decision on the original contempt petition.  The juvenile court judge dismissed the State's original petition in March 2016, noting the pending appeal.  Additionally, on September 21, 2015, Mother filed notice with this Court of her appeal "from the judgments entered in this action by the Juvenile Court of Hamilton County Tennessee, Child Support Division 21 day of Sept., 2015."  The record contains no order entered on September 21, 2015.

## II.

We perceive that the issue before us is whether the trial court erred in dismissing Mother's motion for contempt.  We review a trial court's decisions on whether to impose

contempt sanctions under an abuse of discretion standard. ***Sanders v. Sanders***, No. 01A01-9601-GS-00021, 1997 WL 15228, at *3 (Tenn. Ct. App., filed Jan. 17, 1997) (citing ***Hawk v. Hawk***, 855 S.W.2d 573, 583 (Tenn. 1993)).

Mother asks this Court to take judicial notice of certain facts, such as allegations of sexual assault, fraud, Father's denial of paternity, and any "punishment" that resulted from her relocation to Florida. We decline to do so. Mother neither substantiates these assertions, nor establishes their relevance. To this point, she raises numerous claims outside the scope of the record and she refers to documents not contained in the record, such as a 2007 agreed order and other items from past litigation. "It is . . . well settled that this Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review." ***Tanner v. Whiteco, L.P.***, 337 S.W.3d 792, 796 (Tenn. Ct. App. 2010) (citing Tenn. R. App. P. 24(b)).

In Mother's motion for contempt, she asked the trial court to find Father's actions "criminally and civilly contemptible" predicated on her allegations of Father's child support arrearage, failure to timely pay support, and efforts to circumvent the authority of the court. To the extent that she is attempting to appeal the magistrate's decision not to find Father in criminal contempt, "an appeal from an acquittal of criminal contempt is barred." ***Overnite Transp. Co. v. Teamsters Local Union No. 480***, 172 S.W.3d 507, 510 (Tenn. 2005). Mother is barred from pursuing an appeal of the trial court's decision regarding criminal contempt.

## III.

We conclude that civil contempt is also inappropriate here. In June 2015, the magistrate found Father "[had] paid arrears balance down to zero," and was still in compliance on August 12, 2015, the day Mother filed the motion now before us. The court found that "no payments could possibly have been missed on a new contempt action as the petition was filed *the same day* as the previous petition dismissed on the same issue." (Emphasis added.) We will not overturn the trial court's factual findings unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Aside from her own assertions, Mother offered no evidence to substantiate her claim that Father owed more than $8,000 in arrears. He obviously does not. A civil contempt sanction for noncompliance with a court order is inappropriate where the alleged contemnor has complied by the time of the contempt hearing. ***Watts v. Watts***, No. M2015-01216-COA-R3-CV, 2016 WL 3346547, at*4 (Tenn. Ct. App., filed June 8, 2016). Further, there is no indication Father performed any act forbidden by the court, such that Mother might be

entitled to compensation for civil contempt under Tenn. Code Ann. § 29-9-105. The trial court did not err in dismissing the motion.

## IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellant, Tanikia Yolanda Hurt. This case is remanded to the trial court for the collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE