IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 3, 2019 Session

## STEVEN J. DALE v. SHARON K. BALL DALE

**Appeal from the Chancery Court for Williamson County**
No. 38640     Michael Binkley, Judge

———————————————————

**No. M2018-01999-COA-R3-CV**

———————————————————

In this post-divorce matter, the mother appeals the award of attorney fees to the father, who prevailed in his opposition to the mother's request to relocate out of state. The mother gave notice to the father that she wanted to move to Arizona while the parties' competing petitions to modify the parenting plan were pending. The trial court denied the mother's request to relocate and awarded attorney fees to the father as the prevailing party in the relocation matter. As for the petitions to modify the parenting plan, the court ruled that the mother was the prevailing party and awarded to the mother the attorney fees she incurred in the modification matter. The mother appeals contending she should have been awarded fees in both matters as the "overall" prevailing party. Alternatively, the mother contends the trial court erred by awarding the father attorney fees solely on the basis he was the prevailing party in the relocation matter. Having found the trial court identified and properly applied the most applicable legal principles and that the award of attorney fees to the father was within the range of acceptable alternative dispositions, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Jacob Thomas Thorington, Franklin, Tennessee, for the appellant, Sharon K. Ball Dale.

C. Diane Crosier and Jill Marie Hudson, Franklin, Tennessee, for the appellee, Steven J. Dale.

## OPINION

In 2011, Steven J. Dale ("Father") and Sharon K. Ball Dale ("Mother") divorced and entered into a permanent parenting plan for their three children. In the fall of 2014, Father and Mother each filed petitions to modify the parenting plan. Each petition sought

an increase in residential parenting time and an award of attorney fees. Mother also sought an increase to Father's child support obligation.

While the petitions to modify the parenting plan were still pending, Mother gave notice to Father that she wanted to move to Arizona. Father filed a petition in opposition to the proposed relocation. Following a hearing in July 2016, the trial court denied Mother's request to relocate upon the findings that Mother did not have a reasonable purpose for relocating, and the relocation would not be in the children's best interests. The court reasoned that Mother and Father were already experiencing difficulty co-parenting the children, and the move would worsen the conflict. The issue of attorney fees was reserved.

Thereafter, the petitions to modify the parenting plan were tried and, in July 2017, the trial court ruled on all remaining issues except for attorney fees. The court found that the parties' inability to communicate and share decision-making authority was a material change in circumstances negatively affecting the children. Therefore, the court modified the parenting plan to (1) give Mother sole decision-making authority; (2) increase Father's child support obligation to $2,426 per month; (3) eliminate Father's residential parenting time with the parties' daughter;[1] and (4) increase Father's residential time with their son from 90 to 161 days per year. The court applied the child support increase retroactively, resulting in a judgment against Father for $24,600. The court also awarded Mother $10,512 for Father's willful failure to produce his income tax returns.

The only issue remaining was the competing claims for attorney fees in both the relocation matter and the modification of the parenting plan. In an order entered in October 2018, the court awarded attorney fees of $26,747 to Father as the "prevailing party" in the relocation matter and $31,428.75 to Mother as the "prevailing party" in the modification matter. This appeal followed.

The only issues in this appeal pertain to attorney fees. Mother contends the trial court erred by granting separate awards of attorney fees and by only considering who prevailed in each matter and both parties requests attorney fees on appeal.

---

[1] Because the daughter was almost eighteen, the court found it appropriate to give her discretion on when to visit Father. The couple's oldest child was no longer subject to the parenting plan because she turned 18 in 2016.

- 2 -

## STANDARD OF REVIEW

The standard of review is abuse of discretion for both the issue of whether a party is entitled to a statutory award of attorney fees and the issue of the amount of the fees awarded. *Eberbach v. Eberbach*, 535 S.W.3d 467, 479 n.7 (Tenn. 2017). The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a trial court's decision from any meaningful appellate scrutiny. *Id.*

> [R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id.* at 524–25 (internal citations omitted).

## ANALYSIS

### I.    DECIDING WHICH PARTY IS ENTITLED TO ATTORNEY FEES

Generally, Tenn. Code Ann. § 36-5-103 governs the enforcement and modification of permanent parenting plans. Under that statute, the prevailing party in "any suit or action concerning the adjudication of the custody or the change of custody" may recover reasonable attorney fees. *Id.* § 103(c). This provision has been construed broadly to permit the award of attorney fees in corollary matters, such as actions to modify visitation rights. *See, e.g.*, *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *11 (Tenn. Ct. App. Feb. 4, 2015).

Permanent parenting plans are also subject to modification under Tennessee's Parental Relocation Statute. *See* Tenn. Code Ann. § 36-6-108(3) to (4). However, until 2007, the Parental Relocation Statute contained no analogue to the attorney-fees provision in § 36-5-103(c), and this court consistently rejected the application of § 36-5-103(c) to relocation matters. *See, e.g.*, *Mitchell v. Mitchell*, No. M2004-00849-COA-R3-CV, 2005 WL 1521850, at *5 (Tenn. Ct. App. June 27, 2005) ("Tenn. Code Ann. § 36-5-103(c) pertains to child custody or changes in child custody issues, which are distinct

- 3 -

from relocation issues.") (citing *Schremp v. Schremp*, No. W1999-01734-COA-R3-CV, 2000 WL 1839127, at *4 (Tenn. Ct. App. Dec. 7, 2000))). However, in 2007 the legislature amended § 36-6-108 to provide that "[e]ither parent in a parental relocation matter may recover reasonable attorney fees and other litigation expenses from the other parent in the discretion of the court." *See Act of May 18, 2007*, 2007 Tenn. Pub. Acts, ch. 187, § 7 (codified at Tenn. Code Ann. § 36-6-108(i)).[2]

Since 2007, this court has awarded attorney fees in relocation matters under both § 36-6-108 and § 36-5-103(c). *Compare In re Jasmine G.*, No. M2015-01125-COA-R3-JV, 2016 WL 1072847, at *6 (Tenn. Ct. App. Mar. 16, 2016) ("Tenn. Code Ann. § [3]6-5-103(c) . . . does not permit the recovery of attorney's fees in litigation relating to the relocation of a minor child.") *with Mackey v. Mayfield*, No. E2014-02052-COA-R3-CV, 2015 WL 5882657, at *9 (Tenn. Ct. App. Oct. 8, 2015) (awarding attorney fees on appeal in relocation matter under § 36-5-103(c)). Regardless, Tennessee courts regularly distinguish between issues in post-divorce actions when awarding attorney fees. *See e.g.*, *In re Jasmine G.*, 2016 WL 1072847, at *6 (distinguishing between child support, custody, and relocation issues); *cf. Eberbach*, 535 S.W.3d at 480 ("[T]he applicability of the Parties' MDA fee provision to Wife's request for appellate attorney's fees turns on whether Wife was the 'prevailing party' **for those claims in which she instituted proceedings to procure the enforcement of the Parties' MDA** in the trial court and at the Court of Appeals." (emphasis added)). Accordingly, we find no error in the trial court's decision to award attorney fees separately for the relocation and modification matters.

Because Mother does not contest that Father prevailed on his petition in opposition to Mother's relocation request, we affirm the trial court's determination that Father was a "prevailing party" for the purposes of awarding attorney fees.

## II.    DECIDING THE AMOUNT OF ATTORNEY FEES TO AWARD

Alternatively, Mother contends the trial court erred by awarding Father attorney fees without considering any factor other than the prevailing party.

If a statute creates a right to recover attorney fees, "the trial court has discretion (a) to determine whether to award attorney's fees and (b) to determine the amount of any such award." *Khan v. Regions Bank*, 584 S.W.3d 418, 429 n.7 (Tenn. Ct. App. 2019)

---

[2] In 2018, the Parental Relocation Statute was amended, and this language was moved to subsection (f). *See Act of May 3, 2018*, 2018 Tenn. Pub. Acts, ch. 853. There was no substantive change to the attorney fees provision of the statute.

(citing *Eberbach*, 535 S.W.3d at 479 n.7). Mother does not dispute the trial court's determination that the amount of Father's attorney fees was reasonable. Thus, the only issue is whether the trial court erred by awarding the fees to Father.

Although the prevailing party in child custody and relocation matters is not automatically entitled to an award of attorney fees, when a statute permits the award of attorney fees, determining whether an award is warranted "is largely within the discretion of the trial court," and "absent an abuse of discretion, appellate courts will not interfere with the trial court's finding." *Eberbach*, 535 S.W.3d at 475–76.

Generally, this court has applied the same factors to the award of attorney fees under Tenn. Code Ann. § 36-6-108 and Tenn. Code Ann. § 36-5-103. *Compare Fichtel v. Fichtel*, No. M2018-01634-COA-R3-CV, 2019 WL 3027010, at *26 (Tenn. Ct. App. July 10, 2019) (considering the parties economic circumstances, status as prevailing party, and good faith in determining whether an award was appropriate under Tenn. Code Ann. § 36-6-108) *with Shofner v. Shofner*, 181 S.W.3d 703, 719 (Tenn. Ct. App. 2004) ("In determining whether an award for attorney's fees [under Tenn. Code Ann. § 36-5-103(c)] is warranted, we should consider, among other factors, the ability of the requesting party to pay his or her own attorney's fees, the requesting party's success on appeal, and whether the requesting party has been acting in good faith.").

In child support and custody cases, "the purpose of awarding legal fees . . . is to protect the rights and legal remedies of children." *Watts v. Watts*, 519 S.W.3d 572, 586 (Tenn. Ct. App. 2016) (citing *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992)). Similarly, in relocation matters, the noncustodial parent's right to oppose the relocation is derivative of the child's interests. *See* Tenn. Code Ann. § 36-6-108(c)(1) ("If a petition in opposition to relocation is filed, the court shall determine whether relocation is in the best interest of the minor child."). Consequently, an award may be justified on the basis that the prevailing spouse should not be burdened with costs incurred "on the child's behalf." *Huntley v. Huntley*, 61 S.W.3d 329, 341 (Tenn. Ct. App. 2001) (quoting *Ragan v. Ragan*, 858 S.W.2d 332, 334 (Tenn. Ct. App. 1993)). "In awarding attorney's fees pursuant to section 36-5-103(c), the trial court may consider proof of inability to pay, but such consideration will not be controlling." *Taylor v. Fezell*, 158 S.W.3d 352, 360 (Tenn. 2005).

As Mother points out on appeal, the trial court provided little reasoning in its determination that an award of attorney fees to Father was warranted.[3] After concluding

---

[3] The trial court focused its reasoning on whether the *amount* was reasonable, which is distinct from the issue of whether an award was warranted. *See Eberbach*, 535 S.W.3d at 479 n.7.

that Father was the prevailing party in the relocation matter, the court simply stated that Father was "entitled to attorney's fees." Mother concedes, however, that a party's status as the prevailing party is an appropriate factor for consideration. Moreover, we find insightful the trial court's reasoning in its order denying Mother's relocation request. The court found that Mother's employment "opportunities" in Arizona were too speculative. The first was as an employee for a yet-to-be formed counseling center, and the other was a job listing for which she was not qualified. The court then found as follows:

> The Court finds Mother's decision to move based upon new and better employment opportunities is not warranted, specifically as to income. There is no solid potential for any advancement that the Court sees in the future by moving to Arizona. Mother must prove herself all over again, prove her ability to do a good job and prove herself to people trying to help her with the job opportunities. She has already done this in Middle Tennessee.
>
> .    .    .
>
> **The Court finds that Mother has a secondary purpose for moving which is to get away [and] remove herself from all of the conflict that is current between her and Father when they try to communicate with regard to their children.** The Court understands her desire, but does not recognize this as a reason to move under the statute.

(emphasis added). Accordingly, Father prevailed on his petition opposing Mother's relocation with the children because Mother had no "reasonable purpose" for the move and, *ipso facto*, the move would not be in the children's best interests.

Based on the foregoing, we find the court applied the applicable legal principles, and its decision to award attorney fees to Father was within the range of acceptable alternatives. Accordingly, we affirm the trial court's decision.

## III.    FEES ON APPEAL

Each party requests an award of attorney fees on appeal. The award of statutory attorney fees on appeal is a discretionary decision. *See Eberbach*, 535 S.W.3d at 477. This court analyzes such requests by considering the same factors as trial courts. *See Shofner*, 181 S.W.3d at 719. In exercising our discretion, we respectfully decline to award either party attorney fees on appeal.

- 6 -

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Sharon K. Ball Dale.

_____
FRANK G. CLEMENT JR., P.J., M.S.